M.D. Appeal Dkt.
38 MAP 2019

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| JOSEPH M. MASSI, SR., | : | No. 528 MAL 2018 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| CITY OF CHESTER AGGREGATED | : | |
| PENSION BOARD AND CITY OF | : | |
| CHESTER, | : | |
| | : | |
| Respondents | : | |

**ORDER**

**PER CURIAM**

    **AND NOW**, this 16th day of April, 2019, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioner are:

(1)     May a municipal employer infringe upon the vested right of a city employee by imposing restrictions not specifically contained in its disability ordinance or its agreed-upon collective bargaining agreement?

(2)     May a police officer rely upon the terms of a collective bargaining agreement which sets forth no deadlines for claiming a disability pension in making such application after his technical date of retirement?

(3)     Absent language to the contrary, does a police officer vest in entitlement to a disability pension on the date of his injury, and, absent language to the contrary, should the time of confirmation of the disability, and not the date of application, be determinative of a disability pension eligibility?

(4)     Does a police officer who has retired forfeit the ability to seek the protection of his collective bargaining agreement, and cease to be considered as a police officer once his retirement has taken effect?